# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Joseph Muller | : | |
| 2116 Laurel Hill Rd. | : | |
| Clarks Summit, PA 18411, | : | #_____ |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| Metropolitan Group Property and Casualty | : | |
| Insurance Company | : | |
| 700 Quaker Ln. | : | |
| Warwick, RI 02887 | : | |
| Defendant | : | |
| | : | |

## COMPLAINT

### PARTIES

1. Plaintiff, Joseph Muller, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Metropolitan Group Property and Casualty Insurance Company., was at all times material hereto, an insurance company duly authorized and licensed to practice its profession by the State of Rhode Island. Defendant was engaged in the practice of providing automobile insurance policies, including, but not limited to, motor vehicle liability policies. These policies would also occasionally provide underinsured and uninsured motorist coverage.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties and subject matter in this civil action. Plaintiff is a citizen of Pennsylvania, and Defendant, upon information and belief, is a corporate entity with its principal place of business in Rhode Island. The amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

4. Venue is proper in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) (1) and (2), in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred.

### FACTS

5. On or about July 30, 2019, at approximately 1:30 p.m., Plaintiff was the owner and operator of a motor vehicle that was traveling on I-76, near the Ben Franklin Bridge, in Philadelphia, PA.

6. At the same date and time, Allen C. Griffin. (hereinafter, "the tortfeasor"), was the owner and operator of a motor vehicle that was traveling at or near the same intersection as the Plaintiff's vehicle.

7. At or about the same date and time, Plaintiff was caused to strike the tortfeasor's vehicle, after the tortfeasor struck an additional vehicle. The initial collision, involving the tortfeasor, caused the vehicle to veer across the roadway, striking a concrete barrier, consequently ending up in the Plaintiff's lane of travel.

8. This collision was the direct result of the tortfeasor negligently or carelessly operating his/her vehicle, and not as the result of any action or failure to act by Plaintiff.

9. As a result of the collision, Plaintiff suffered serious and permanent bodily injury including to the neck, as set forth more fully below.

### COUNT I
**Joseph Muller v. Metropolitan Group Property and Casualty Insurance Company
Uninsured Motorists Coverage**

10. Plaintiff incorporates the allegations set forth in the above paragraphs of this Complaint, as if set forth at length herein.

11. The negligence and/or carelessness of the tortfeasor, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of the following:

    a. Operating vehicle in a negligent manner as to cause the Plaintiff's vehicle to strike tortfeasor's vehicle;

    b. Failing to yield the right-of-way;

    c. Operating his/her vehicle into Plaintiff's lane of travel;

    d. Failing to maintain proper distance between vehicles;

    e. Operating said vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

    f. Failing to have said vehicle under proper and adequate control;

    g. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    h. Violation of the "assured clear distance ahead" rule;

    i. Failure to keep a proper lookout;

    j. Failure to apply brakes earlier to stop the vehicle without causing the Plaintiff's vehicle to strike the tortfeasor's vehicle;

    k. Being inattentive to his/her duties as an operator of a motor vehicle;

    l. Disregarding traffic lanes, patterns, and other devices;

    m. Driving at a high rate of speed which was high and dangerous for conditions;

    n. Failing to remain continually alert while operating said vehicle;

    o.    Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

    p.    Failing to give Plaintiff meaningful warning signs concerning the impending collision;

    r.    Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

    s.    Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

    t.    Continuing to operate the vehicle in a direction towards Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision.

12. As a direct result of the negligent conduct of the tortfeasor, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries including to the neck, all to Plaintiff's great loss and detriment.

13. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

14. As an additional result of the carelessness and negligence of the tortfeasor, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

15. As a further result of the aforesaid injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

16. Upon information and belief, the aforesaid tortfeasor, was operating a vehicle which was not covered by any policy of insurance to provide coverage for Plaintiff's injuries.

17. If it is found that the averment set forth in the immediately preceding paragraph of Plaintiff's Complaint is true, then Plaintiff asserts an Uninsured Motorist Claim against Defendant.

18. At the date and time of the aforementioned motor vehicle collision, Plaintiff, was the owner and operator of a motor vehicle was covered by a policy of insurance, under Policy Number 6412518700 which included uninsured motorist coverage.

19. The aforesaid policy of insurance issued by Defendant, provides for uninsured motorist coverage applicable to Plaintiff as a result of the aforesaid motor vehicle collision to the above named Plaintiff.

20. Accordingly, if the averments set forth above are found to be true, Plaintiff hereby asserts a claim against Defendant, for uninsured motorist benefits arising out of the above-stated automobile collision.

WHEREFORE, Plaintiff, Joseph Muller, demands judgment in Plaintiff's favor and against Defendant, Metropolitan Group Property and Casualty Insurance Company, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
### Joseph Muller v. Metropolitan Group Property and Casualty Insurance Company
### Underinsured Motorists Coverage
### (IN THE ALTERNATIVE)

21. The negligence or carelessness of the tortfeasor, which was the direct and sole cause of the motor vehicle collision and of the injuries and damages sustained by Plaintiff, consisted of, but was not limited to, the following:

   a.. Operating vehicle in a negligent manner as to cause the Plaintiff's vehicle to strike tortfeasor's vehicle;

   b. Failing to maintain proper distance between vehicles;

   c. Operating said vehicle in a negligent or careless manner as to cause the Plaintiff's vehicle to strike the tortfeasor's vehicle, without regard for the rights or safety of Plaintiff or others;

   d. Failing to have said vehicle under proper and adequate control;

   e. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   f. Violation of the "assured clear distance ahead" rule;

   g. Failure to keep a proper lookout;

   h. Failure to apply brakes earlier to stop the vehicle without causing a motor vehicle collision;

   i. Being inattentive to his/her duties as an operator of a motor vehicle;

   j. Disregarding traffic lanes, patterns, and other devices;

   k. Driving at a high rate of speed that was dangerous for the conditions;

   l. Failing to remain continually alert while operating said vehicle;

    m.    Failing to perceive the highly apparent danger to others that his/her actions or inaction posed;

    n.    Failing to give Plaintiff meaningful warning signs concerning the impending collision;

    o.    Failing to exercise ordinary care to avoid a collision;

    p.    Failing to be highly vigilant and maintain sufficient control of his/her vehicle and to bring it to a stop on the shortest possible notice;

    q.    Operating his/her vehicle with disregard for the rights of Plaintiff, even though the tortfeasor was aware of or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

    r.    Continuing to operate his/her vehicle in a direction towards Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision; and

    s.    Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles.

22.    As a direct result of the negligent or careless conduct of the tortfeasor, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the neck, all to Plaintiff's great loss and detriment.

23. These injuries are permanent in nature and are to Plaintiff's great financial detriment and loss. As a result of these injuries, Plaintiff has in the past suffered, is presently suffering, and may in the future suffer great anguish, sickness, and agony.

24. As an additional result of the carelessness or negligence of the tortfeasor, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

25. As a further result of the aforesaid physical injuries, Plaintiff has in the past undergone, is presently undergoing, and may in the future undergo a great loss of earnings or earning capacity, all to Plaintiff's further loss and detriment.

26. Upon information and belief, at the time of the motor vehicle collision in this case, the tortfeasor's motor vehicle insurance policy or liability insurance were insufficient to fully and adequately compensate Plaintiff for the injuries suffered in the collision and/or for other damages and expenses related thereto.

27. At the date and time of the aforementioned motor vehicle collision, Plaintiff was the owner and operator of a motor vehicle that was covered by a policy of insurance issued by Defendant under Policy Number 6412518700. This policy included coverage for underinsured motorist coverage applicable to Plaintiff.

28. Accordingly, Plaintiff asserts an Underinsured Motorist Claim against Defendant.

WHEREFORE, Plaintiff, Joseph Muller, demands judgment in Plaintiff's favor and against Defendant, Metropolitan Group Property and Casualty Insurance Company, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: *Joshua Baer*

Joshua Baer, Esquire